Curia, per
Butler, J.
When a plaintiff brings an action on a covenant entered into between himself and another, the mode and extent of his remedy must be controlled and limited by the terms and stipulations of the instrument declared on. They constitute the law of the parties quoad the particular action. For deceitful representations, in procuring the covenant to be made, or for fraudulent perversion of its provisions, in carrying them into effect, the párty injured may have a special action on the case. But this would be altogether beside the agreement, and would depend on the varying circumstances of each case. In the case before the court, we must look to the plaintiff’s own acknowledgements as connected with his right of recovery. Having acknowledged in the agreement itself that he had received of the defendant $500, he stipulates that the defendant shall have the services of his slave until that sum shall be repaid. In his declaration he does not allege that he has paid this sum, or has offered to pay it, and thereby *110 is entitled to resume the possession of his property, blit alleges, in contradiction to the instrument containing his ac-knowledgements, that the defendant had not paid him the sum specified. This is an averment, not only against the terms of the instrument, under which he has asserted his remedy — and which, of itself, would be inconsistent with his right of recovery; but it seems to me to be an averment against the facts of the case as they came out in the evidence. Waiving his right to demand the ordinary currency, the plaintiff accepted from the defendant his note for $500, and has adopted and treated it as so much money. And as far as I can perceive, it has been, or may be, worth to him its estimated value. By virtue of this note, to the extent of $350j the plaintiff has had a pressing debt paid, and holds the balance reduced to judgment subject to his control. He has never repudiated the mode of payment, but seems to have assented to it, by choosing to regard defendant’s note as worth to him $500. Until he repays that sum he has no cause of action on this covenant. It seems to me then, that both by the terms of his agreement and his conduct under it, the plaintiff has shewn that he has no right to maintain this action.
We think, therefore, that his motion for a non-suit should be granted.
RichardsoN, O’Neall, Evabts and Wardlaw, JJ. concurred.